**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AARON DARNELL GRANT,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1008 (RMC) |
| **DEPARTMENT OF TREASURY,** *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**OPINION**

    Aaron Grant worked as a Special Agent in the Criminal Investigation Unit of the Internal Revenue Service (IRS) until his removal for alleged misconduct on January 30, 2013. Mr. Grant appealed his removal and the agency's final decision to the Merit Systems Protection Board (MSPB). An administrative judge upheld Mr. Grant's removal and MSPB, in turn, affirmed the administrative judge's decision. Thereafter, Mr. Grant, proceeding *pro se*, brought this action complaining generally about his removal, discrimination, and retaliation, as well as seeking judicial review of procedural improprieties during the administrative process. He sues Jacob J. Lew in his official capacity as Secretary of the Department of Treasury, MSPB, and the MSPB Chairman, Susan Tsui Grundmann. *See* Am. Compl. [Dkt. 7].

    Defendants moved to dismiss MSPB and its Chairman from the instant case as improper defendants. *See* Mot. to Dismiss [Dkt. 12] (MTD). Mr. Grant filed a timely opposition, *see* Opp'n [Dkt. 15], to which Defendants replied, *see* Reply [Dkt. 16]. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss MSPB and its Chairman. The case shall proceed against Secretary Lew of the Department of Treasury.

## I.  FACTS

Mr. Grant asserts various claims arising from his removal from the IRS, which became effective on January 30, 2013.  Mr. Grant first filed a Complaint on June 26, 2015, which the Court dismissed without prejudice on the basis that it failed to set forth a short and plain statement of his claims as required by Rule 8 of the Federal Rules of Civil Procedure.  *See* 10/1/15 Order [Dkt. 6].  Mr. Grant filed an Amended Complaint on November 2, 2015 against Defendants.  Cognizant of the fact that Mr. Grant is proceeding *pro se* and he had made an effort to organize the Amended Complaint and provide somewhat detailed allegations, this Court denied Defendants' second Motion to Strike the Amended Complaint under Rule 8 and ordered Defendants to respond to it.  *See* 11/24/15 Minute Order; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that pleadings by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers).  Treasury filed an Answer to the Amended Complaint, while MSPB and its Chairman moved to dismiss the claims against them.

It is still not clear from the Amended Complaint what the circumstances were that gave rise to Mr. Grant's removal.  Also, it is not entirely clear which statutes Mr. Grant is invoking to assert his claims and whether he is asserting all claims against all Defendants.  Mr. Grant utilizes broad terms such as disability, discrimination, retaliation, due process, harmful procedural error, suppression of evidence, and framing of charges.  *See generally* Am. Compl. Defendants construe Mr. Grant's allegations broadly and argue that, regardless of the claims being asserted, MSPB and its Chairman are not proper defendants in the instant case.  The Court agrees.

Defendants have offered some context to Mr. Grant's Amended Complaint by including the Administrative Judge's Initial Decision, Treasury's Final Agency Decision, and

2

MSPB's Final Order as exhibits to their Motion to Dismiss.  *See* MTD, Exs. A-C.  These documents show that Mr. Grant was removed from his job because, according to Treasury, Mr. Grant: (1) grabbed the ponytail of a co-worker, Special Agent Tara Reed, pushed her against a wall, and kissed her against her will; (2) wore a firearm while consuming alcohol; (3) drove an official vehicle after consuming alcohol; (4) displayed nude photographs of women on his cellphone to a government attorney; and (5) failed to report a collision while driving an official vehicle.  *Id.*, Ex. A [Dkt. 12-1] at 2 (Initial Decision).  On October 8, 2010, Treasury proposed Mr. Grant's removal in light of these allegations.  Mr. Grant responded in writing to the proposed removal, but Treasury sustained the removal effective December 10, 2010.  *See id.*

Mr. Grant appealed the agency's decision to MSPB alleging, among other things, discrimination.  The Administrative Judge held a two-day hearing and, on December 15, 2011, sustained the agency's reasons and upheld the removal.  *See id.* at 3.  On appeal, MSPB issued a Final Order on August 1, 2012 rejecting Mr. Grant's allegations of discrimination, but reversing his removal on the basis that the proposing and deciding Treasury official violated Mr. Grant's due process rights by engaging in *ex parte* communications during a reply period.  *Id.*

In light of MSPB's Order, Treasury reinstated Mr. Grant to his position in September 2012.  Upon his return, Supervisory Special Agent Troy Burrus and Special Agent in Charge Rick Raven told Mr. Grant that he was likely going to face new disciplinary action based on information in Treasury's Report of Investigation in 2010.  *See id.*  In response, Mr. Grant filed an equal employment opportunity (EEO) complaint alleging discrimination and retaliation by agency officials.  On December 7, 2012, Treasury proposed again Mr. Grant's removal and, while Mr. Grant filed a written response to the proposed removal, it was sustained by Treasury effective January 30, 2013.  *Id.* at 3-4.

On February 13, 2013, Mr. Grant filed a second EEO complaint alleging discrimination and retaliation. Treasury rejected these allegations in its Final Agency Decision. *See* MTD, Ex. B [Dkt. 12-2] (Final Agency Decision). On December 11, 2013, Mr. Grant appealed his removal and Treasury's Final Agency Decision. Mr. Grant's appeal alleged, among other things, that the agency: (1) failed to prove misconduct by a preponderance of the evidence; (2) violated his due process rights; (3) retaliated against him for prior protected activity; and (4) discriminated against him on the basis of his disability (alcohol dependency), race, and gender. *See* Initial Decision at 5. The Administrative Judge upheld the removal and rejected Mr. Grant's claims. *Id.* at 51. On May 27, 2015, MSPB affirmed the judge's decision, but ordered the judge to "clarify the . . . analysis that [Mr. Grant] failed to prove his due process claims." MTD, Ex. C [Dkt. 12-3] at 2 (Final Order).[1] MSPB's Final Order notified Mr. Grant that if he did not request the Equal Employment Opportunity Commission to review the final decision, he could file a civil action with "the district court no later than 30 calendar days after [Mr. Grant's] receipt of this order." *Id.* at 19-20.[2]

---

[1] Chairman Grundmann was one of the Board members who considered Mr. Grant's appeal of the Administrative Judge's Initial Decision. *See* Final Order at 1.

[2] Mr. Grant argues that the "Background section" in Defendants' Motion to Dismiss is "factually inaccurate, and omits critical information which fully elucidates what occurred prior to, during, and after [Treasury's] investigation." Opp'n at 1. At this stage, the Court assumes that all the facts alleged in the Amended Complaint are true and relies on Defendants' background only to the extent that it provides some context to the alleged circumstances giving rise to Mr. Grant's removal and the claims' underlying procedural history. Moreover, the Administrative Judge's Initial Decision, Treasury's Final Agency Decision, and MSPB's Final Order are official, public documents subject to judicial notice. *See Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

Mr. Grant brought the instant lawsuit against Secretary Lew of the Department of Treasury, MSPB, and Chairman Susan Tuis Grundmann. Mr. Grant complains about his removal from Treasury and the processing of his employment grievances. He seeks to be reinstated to his former position as a Criminal Investigator, as well as back pay. *See* Am. Compl. ¶ 67.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id.*, but a court need not accept as true legal conclusions set forth in a complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A complaint must allege sufficient facts that would allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *See Abhe*, 508 F.3d at 1059.

### III.  ANALYSIS

MSPB and its Chairman move to dismiss on the basis that they are not proper defendants to this lawsuit.  Defendants first note that Chairmann Grundmann is immune from suit for her exercise of judicial functions.  *See* MTD at 5 (citing *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)).  Mr. Grant conceded in his opposition that he did not intend to sue Chairman Grundmann in her personal capacity and, thus, seemingly acceded to her dismissal as an individual party in this case.  *See* Opp'n at 1.

Mr. Grant also fails to state a claim against MSPB upon which relief can be granted.  Mr. Grant alleges that his due process rights were violated and that he was discriminated and retaliated against when he was removed from his position at Treasury.  For this reason, he seeks reinstatement and back pay.  While the Amended Complaint does not specify the source of his legal claims, it can be liberally construed to include claims under: (1) Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*.; and/or (2) the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. § 701.[3]

Defendants correctly note that MSPB cannot be liable for any potential constitutional or statutory violation arising from Mr. Grant's removal at Treasury since MSPB merely reviewed Mr. Grant's appeal.  In other words, as a non-employee of the Board, Mr. Grant

---

[3] Mr. Grant also mentions that his due process rights under the Fifth Amendment of the U.S. Constitution were violated.  To the extent that Mr. Grant's constitutional claim is related to his removal, the claim must be dismissed.  *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 834 (1976) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *see also Kittner v. Gates*, 708 F. Supp. 2d 47, 52-53 (D.D.C. 2010) (dismissing plaintiff's due process claim under the Fifth Amendment because it was preempted by Title VII).

is only allowed to assert his claims against Treasury.  Mr. Grant does not properly address this point.  In the context of the Title VII and the Rehab Act, it is clear that "the only proper defendant . . . is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired" — namely, Treasury.  *Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); *see also Paegle v. Dep't of Interior*, 813 F. Supp. 61, 64 n.2 (D.D.C. 1992).  Courts have dismissed similar lawsuits against MSPB alleging employment discrimination.  *See Woodruff v. McPhie*, 593 F. Supp. 2d 272, 276-78 (D.D.C. 2009), *aff'd,* 383 F. App'x 5 (D.C. Cir. 2010).

In his opposition, Mr. Grant adds that MSPB violated his due process rights under the Fifth Amendment of the U.S. Constitution.  *See* Opp'n at 1.  However, Mr. Grant has failed to allege facts supporting a due process claim against MSPB.  Mr. Grant is complaining about the manner in which MSPB processed his claims.  In essence, Mr. Grant disagrees with MSPB's Final Order and claims that it decided his case wrongly.  He states,

> The failure of MSPB to follow laws established by precedent and by the Constitution deserves an explanation . . . The facts are overwhelming, to say the least, which show Plaintiff was removed illegally.  And, MSPB overtly ignored those facts and established laws to sustain the agency's removal; and did so, without explanation.

Opp'n at 4.  These allegations do not support a claim against MSPB because "when seeking judicial review of an MSPB order, the agency being sued before the MSPB remains the defendant; the MSPB itself is no more a proper party than, in a D.C. Circuit appeal from a district court decision, the district court is a proper party."  MTD at 5.  There is simply no cause of action against MSPB for its processing of Mr. Grant's case.  *See Woodruff*, 593 F. Supp. 2d at 277 ("Title VII provides a former employee with a remedy *only* against his or her *employer* and

7

does not create an independent cause of action against the EEOC [Equal Employment Opportunity Commission] for its investigation and processing of a charge.") (citations omitted) (emphasis in original); *see* MSPB Final Order at 18 (stating that plaintiff "may file a civil action against the *agency* [*i.e.*, Treasury] on both . . . discrimination claims and . . . other claims in an appropriate United States district court") (emphasis added).

Finally, Mr. Grant describes MSPB's Final Order as "arbitrary." Am. Compl. ¶ 1. To the extent that Mr. Grant seeks judicial review of MSPB's Final Order under another statute, such as the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*, the claim must also be dismissed. A plaintiff cannot challenge an administrative decision or action under the APA when there is an "adequate remedy" against the employing agency, such as a cause of action under Title VII and the Rehab Act. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *see also Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2014); *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983); *McCall v. Yang*, No. CV 15-912 (CKK), 2016 WL 1446126, at *3 (D.D.C. Apr. 12, 2016). Moreover, this Court is precluded from either reviewing final decisions of MSPB or compelling MSPB to act in a certain manner because "[t]he Federal Circuit Court of Appeals has 'exclusive jurisdiction of an appeal from a final order or final decision of the MSPB.'" *Woodruff*, 593 F. Supp. 2d at 278 (citing 28 U.S.C. § 1295(a)(9); *see* 5 U.S.C. § 7703(a), (b)).[4] Accordingly, Mr. Grant's claims against MSPB will be dismissed.

---

[4] When an employee seeks "review of a final order or decision on the merits on the underlying personnel action," it is clear that "the agency responsible for taking the personnel action [and not MSPB] shall be the respondent." 5 U.S.C. § 7703(a)(2).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss, Dkt. 12.  The Amended Complaint will be dismissed against MSPB and Chairman Grundmann. A memorializing Order accompanies this Memorandum Opinion.

Date: June 16, 2016

/s/
ROSEMARY M. COLLYER
United States District Judge
