UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| AARON DARNELL GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1008 (RMC) |
| | ) | |
| DEPARTMENT OF TREASURY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Aaron Darnell Grant worked as a Special Agent in the Internal Revenue Service's criminal investigation unit until his second termination on January 30, 2013. Mr. Grant is an African-American male who claims a disability due to his alcohol dependency. He complains that discrimination based on his race, sex, and alleged disability, as well as retaliation for protected activities, prompted his discharge. Mr. Grant sues under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2012), the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. § 701, and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* *See* 2d Am. Compl. [Dkt. 23]. Steven Mnuchin, sued in his official capacity as Secretary of the Treasury,[1] moves for dismissal or summary judgment, in part.

---

[1] Mr. Grant has sued both Steven Terner Mnuchin and the Department of the Treasury. The only appropriate defendant is Mr. Mnuchin. *Grant v. Dep't of Treasury*, No. 15-1008 (RMC), 2016 WL 3365388, at *3 (D.D.C. June 16, 2016) ("In the context of the Title VII and the Rehab Act, it is clear that the only proper defendant is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired . . . ." (internal quotes omitted)). The Department of the Treasury will be accordingly dismissed as a defendant.

1

Mr. Grant complains here of alleged discrimination in violation of his rights to equal employment opportunity under Title VII. Some actions of which he complains are not subject to litigation because he failed to file a timely lawsuit. His complaint over other actions is premature because he has not exhausted the administrative process. These flaws are not resolved by citing the APA. That statute does not provide a basis to review his case, inasmuch as the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, or equal employment opportunity laws such as Title VII or the Rehab Act address the issues. As explained below, the Court will dismiss Mr. Grant's allegations based on Title VII, the Rehab Act, and the APA.

The only remaining allegations, some of which also allege discrimination, were addressed by the Merit Systems Protection Board (MSPB) in connection with Mr. Grant's 2013 discharge. The Government moves to transfer review of that MSPB decision to the United States Circuit Court for the Federal Circuit, which has sole statutory authority to review most MSPB final decisions, *see* 5 U.S.C. § 7703(b)(1)(A). However, when appeals from the MSPB involve claims alleging discrimination, federal district courts are instead vested with jurisdiction to hear the appeal. *See id.* § 7703(b)(2); *Ikossi v. U.S. Dep't of Navy*, 516 F.3d 1037, 1042 (D.C. Cir. 2008). For this reason, the Court will deny the Government's motion to transfer the MSPB appeal to the Federal Circuit, and will retain jurisdiction to consider Mr. Grant's claims concerning it.

I. **PROCEDURAL BACKGROUND**

A short introduction to applicable federal personnel law is needed to understand the basic facts. Title VII explicitly applies to the Executive Branch of the federal government and bans discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. §

2000e-16. The Rehab Act bans discrimination based on disability in federal employment. 29 U.S.C. § 701.

As relevant here, a federal employee who believes he was discriminated against because of, *inter alia*, his race, sex or disability, has a right to file an administrative complaint with his agency. The agency must then investigate the charge and decide its merits. It is illegal for an agency to retaliate against an employee for filing a discrimination charge or otherwise participating in the processing of an equal employment opportunity (EEO) complaint. 42 U.S.C. § 2000e-3(a); *see Allen v. Johnson*, 795 F.3d 34, 38 (D.C. Cir. 2015). If the agency decides that there is no merit to the employee's EEO charge, the employee may seek a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC). The EEOC also processes complaints under the Rehab Act.

The Administrative Judge allows the parties necessary discovery and then will either rule on a motion for summary judgment or hold a hearing to take evidence on the employee's complaint. *See* 29 C.F.R. § 1614.109. In either event, the Administrative Judge will issue a decision ruling on the employee's charges of discrimination and/or retaliation. *See id*.

When a federal employee complains of discrimination and violation of his rights under the CSRA, he can appeal the Administrative Judge's opinion to either the EEOC or the MSPB, but not both. *Hooker-Robinson v. Rice*, No. 05-cv-321, 2006 WL 508343, at *5 (D.D.C. Mar. 1, 2006) (quoting *Sloan v. West*, 140 F.2d 1255, 1259 (9th Cir. 1998)); *see* 29 C.F.R. § 1614.302(d). When a case involves alleged discrimination in violation of Title VII and also an adverse action subject to MSPB appellate jurisdiction either EEOC or MSPB will receive and rule upon the "mixed case complaint." *Hooker-Robinson*, 2006 WL 508343, at *5 ("Thus, a

mixed case may be pursued with the agency's EEO department or as an appeal to the MSPB, but not both."); *see* 29 C.F.R. § 1614.302(d) (defining "mixed case complaints").

Separately, federal employees may directly appeal certain adverse actions subject to the CSRA, such as terminations, to MSPB, following a similar administrative path. *See* 5 U.S.C. § 7512 (Actions covered); § 7701 (Appellate procedures). MSPB can exercise related jurisdiction over discrimination claims in these circumstances as well. *See* 5. U.S.C. § 7702. When a federal employee appeals an adverse action to MSPB, it is first reviewed by an Administrative Judge, who issues an Initial Decision; the employee may then petition for further review by the Board itself. 5. U.S.C. § 7701. Final orders of MSPB are subject to appeal to the Federal Circuit, except those that include allegations of discrimination, which may be appealed to either the EEOC or to a federal district court. *See id.* § 7703(b)(1)(A), b(2). In such circumstances, federal district courts review the entirety of the final MSPB decision; decisions of the MSPB on discrimination matters are reviewed *de novo*, while all other decisions are reviewed for abuse of discretion. *See id* § 7703(c); *White v. Tapella*, 876 F. Supp. 2d 58, 65 (D.D.C. 2012).

## II. SUMMARY OF FACTS

Before going into further detail, a brief summary of the relevant intertwined administrative proceedings may help in understanding this Memorandum Opinion. Mr. Grant was terminated twice by the IRS; first in 2010, and again in 2013. In both instances, Mr. Grant appealed the termination itself to the MSPB, and filed separate EEO complaints about incidents leading up to each respective termination. Both the MSPB and the EEOC have issued respective final decisions concerning Mr. Grant's 2010 termination and the conduct leading up to it. The

MSPB has issued a final decision regarding Mr. Grant's 2013 termination, but Mr. Grant's EEO complaints concerning conduct leading up to it are still pending before the EEOC.

The IRS fired Aaron Darnell Grant in December 2010 for misconduct while he was employed as a Special Agent by the IRS Washington D.C. Criminal Investigation Field Office. *See* Defs.' Mem. in Support of Defs.' Mot. to Dismiss (Defs.' Mem.) Ex. A, EEO Administrative Judge's Order and Decision (March 31, 2015) (EEO Administrative Judge's Decision) [Dkt. 25-3] at 16. The alleged misconduct involved drinking alcohol on duty, drinking alcohol while wearing his gun, driving his government-owned vehicle while intoxicated, failing to report an accident while driving his government-owned vehicle, and several other acts seen to be unbecoming of an agent. *Id*. at 4. These matters had been the subject of an investigation by the Treasury Inspector General for Tax Administration (TIGTA) between April and July 2010, stemming from allegations of harassment by a female agent. *See id* at 3.

Mr. Grant elected to appeal his discharge to the MSPB. *See* Defs.' Mem. Ex. C, MSPB Initial Decision, Dec. 15, 2011 (MSPB 2011 Initial Decision) [Dkt. 25-4]. He also filed EEO complaints concerning activity leading up to that 2010 discharge, which were ultimately denied several years later, in 2015. *See* EEO Administrative Judge's Decision at 1.

The Initial Decision of the MSPB Administrative Judge affirmed his discharge for misconduct. MSPB 2011 Initial Decision at 1. However, when Mr. Grant appealed for review by the MSPB Board, the Board, through its 2012 Final Order, reinstated him with full backpay because of inappropriate communications between the official who proposed his separation and the official who made the final decision. Defs.' Mem. Ex. C, MSPB Final Order, August 1, 2012 (MSPB 2012 Final Order) [Dkt. 25-5] at 2. Mr. Grant did not file any appeal to the EEOC concerning this MSPB's Final Decision. *Id.* at 3. The Board reinstated Mr. Grant effective *nunc*

*pro tunc* to December 10, 2010, and Mr. Grant returned to duty on September 4, 2012. 2d Am. Compl. ¶ 26; Defs.' Statement of Material Facts (Def.'s SOF) [Dkt. 25-1] ¶ 18.

Instead of reinstating Mr. Grant to his former position, the IRS placed him in Temporary Restricted Duty status. *See* Defs.' Mem. Ex. E, Formal EEO Complaint, Nov. 9, 2012 (2012 EEO Complaint) [Dkt. 25-6] at 2. Special Agent in Charge (SAIC) Rick Raven, who had no role in any of the prior events, met with Mr. Grant and his first-line supervisor, Supervisory Special Agent (SA) Troy Burrus, and informed Mr. Grant that SAIC Raven would review the entire matter and may remove him again. *See* Defs.' Mem. Ex. G, MSPB Initial Decision, July 17, 2014 (MSPB 2014 Initial Decision) [Dkt. 25-8] at 3-4.

On November 9, 2012, Mr. Grant filed a new EEO complaint, complaining of discrimination based on his alleged disability (alcohol dependence) and retaliation for his successful appeal to the MSBP; he did not allege that his race or sex was a basis for any allegedly-discriminatory actions. 2012 EEO Complaint at 1. Mr. Grant also complained that the IRS had informed him that it might discharge him for the same misconduct which had led to his discharge in 2010 "since the Board did not rule on the merits of the case, and [the Agency's] reasons [for discharge] were upheld in the [MSPB 2011] Initial Decision." *Id.* at 2. These claims remain pending before an EEOC Administrative Judge. *See* Defs.' Reply Ex. L, Mirkov Decl. [Dkt. 28-1] ¶¶ 2, 3.

Mr. Grant was fired a second time, effective January 30, 2013, for misconduct based on the 2010 Report of Investigation. Specifically, he was removed due to: "(1) being less than candid in a matter of official business (two specifications); (2) failing to follow established procedures (four specifications); and (3) failing to cooperate in an official investigation (one specification)." Defs.' Mem. Ex. H, MSPB Final Order, May 27, 2015 (MSPB 2015 Final

6

Order) [Dkt. 25-4] at 2. Mr. Grant appealed his second removal to the MSPB, complaining of discrimination and retaliation. *Id*. After an evidentiary hearing, an MSPB Administrative Judge issued an Initial Decision on July 17, 2014. MSPB 2014 Initial Decision at 1. The question presented was "[d]id the agency prove the charged misconduct by preponderant evidence" and/or did it discriminate due to disability (failure to accommodate), or race, sex, or retaliation for activity before the EEOC or MSPB. *Id.* at 4-5. In the course of rejecting these claims, the MSPB Administrative Judge addressed Mr. Grant's credibility in scathing terms:

> The appellant's contentions are preposterous and refuted by the overwhelming weight of the record evidence. As for his credibility, I find that he intentionally and repeatedly lied to me under oath throughout the hearing. During his testimony, I observed his demeanor closely and found him to be evasive, disingenuous, and willing to alter his versions of events on the spot to achieve his desired end. . . . [H]is testimony was routinely contradicted in material part by his own sworn written statements and/or testimony and, when confronted with this evidence, he would feign ignorance and/or confusion, claim that he was misunderstood or set up, or provide an implausible or outlandish explanation. At one point, he explained that the "truth is subjective" and accused nearly every relevant material witness of having lied under oath. In short, I find that the appellant's hearing testimony is totally unreliable and incredible . . . .

*Id.* at 18 (citations omitted). In that proceeding, Mr. Grant specifically challenged IRS evidence from Memos of Interview (MOIs) with Special Agent Nicole Davis and Special Agent Tara Reed, the Agents who had reported his drinking on duty and other misconduct by Mr. Grant to TIGTA but these claims were rejected by the Administrative Judge as "simply frivolous." *Id.* at 43; *see also id.* 41-44.

Mr. Grant appealed the 2014 Initial Decision to the MSPB. In a Final Order dated May 27, 2015, the MSPB sustained his discharge. MSPB 2015 Final Order at 1. It specifically rejected Mr. Grant's arguments that TIGTA interviews with other employees, without the

7

presence of Mr. Grant or his counsel, violated his due process rights or that they represented new information inasmuch as both MOIs were contained in the 2010 Report of Investigation. *See id.* at 9-17. MSPB found no harmful procedural errors that tainted Mr. Grant's second discharge in 2013. *Id*. at 16.

In sum, the Court is faced with multiple separate administrative proceedings related to this matter. The MSPB 2011 Initial Decision and MSPB 2012 Final Order, which resulted in Mr. Grant's reinstatement, concern only his first removal in 2010. The MSPB 2014 Initial Decision and MSPB 2015 Final Order concern Mr. Grant's second removal, which formally occurred in 2013. Similarly, the 2015 EEO Administrative Judge's Decision concerns EEO complaints Mr. Grant filed related to conduct leading up to the 2010 discharge; these are the only appeals from an EEO Administrative Judge currently before the Court.

Before this Court, Mr. Grant initially appealed only the MSPB 2015 Final Order that upheld his second removal. *See* Compl. [Dkt. 1] at 1-2; Am. Compl. [Dkt. 7] at 1-2. Mr. Grant amended his complaint twice, and his Second Amended Complaint, for the first time, added allegations of discrimination and retaliation based on Title VII and the Rehab Act, and violations of the APA. *See* 2d Am. Compl. ¶¶ 30-44. It is these additional allegations in the Second Amended Complaint that the Government moves to dismiss. Defs.' Mem. at 1. Mr. Grant argues that the claims added by the Second Amended Complaint are timely; that these new claims adequately allege discrimination and retaliation leading to his second discharge; and that an "agency interview which led to [discharge] can be challenged under the APA." Opp. at 2.

### III. LEGAL STANDARDS

**A. Motion to Dismiss Under Rule 12(b)(6)**

The Government moves to dismiss the discrimination, retaliation, and APA claims added in the Second Amended Complaint, pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim. Such motion challenges the adequacy of a complaint on its face. A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id*. at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id*. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

The Court makes note that, in this particular case, "the Court may consider all of [Defendants' Motion to Dismiss exhibits], with the possible exception of Exhibit F, without converting Defendants' partial motion to dismiss into a partial motion for summary judgment,"

9

as all these exhibits are public records of which the Court make take judicial notice. Defs.'
Mem. [Dkt. 25] at 10.

### B. Summary Judgment Under Federal Rule of Civil Procedure 56

In the alternative to its motion to dismiss, the Board moves for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011). Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court gives the non-movant the benefit of all permissible inferences that may be drawn from the facts alleged in the complaint, and accepts the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255; *Talavera*, 638 F.3d at 308. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

## IV. ANALYSIS

The Court concludes that Mr. Grant's APA claim in the Second Amended Complaint is legally unsound and his independent claims in the Second Amended Complaint brought under Title VII and the Rehab Act are too stale. The Court will accordingly dismiss all.

The Court agrees with Mr. Grant that he has a right to complain about his second discharge. Because Mr. Grant appealed that removal to the MSPB, any appeal would typically go to the Federal Circuit. However, because Mr. Grant's MSPB proceedings involved claims of discrimination and retaliation, Mr. Grant may appeal the MSPB 2015 Final Decision to this Court. The Court will therefore retain jurisdiction to review it.

### A. EEO Claims

Mr. Grant filed EEO complaints relating to conduct that occurred in the lead-up to his first termination in 2010. These EEO complaints were dismissed by an EEOC Administrative Judge in 2015 (EEO Case No. 570-2011-00883X), and that decision was adopted by Treasury as its final decision in 2015. *See* EEO Administrative Judge's Decision; Defs.' Mem. Ex. B, Treasury Final Order, May 20, 2015 (Treasury Final Order) [Dkt. 25-4]. Mr. Grant did not appeal the Administrative Judge's opinion to the EEOC or file a timely complaint in district court.

Mr. Grant's Second Amended Complaint attempts to revive these same discrimination allegations well beyond the time allowed. All charges he might wish to advance concerning his first discharge, or events before it, are irretrievably closed. "A plaintiff may file a Title VII or Rehabilitation Act action in federal court only after exhausting her administrative remedies before the relevant federal agency for each allegedly discriminatory act." *Smith v. Lynch*, 106 F. Supp. 2d 20, 41 (D.D.C. 2015). "[A] plaintiff must *both* timely discuss a claim

with an EEO counselor *and* file a formal EEO complaint with regard to that particular claim in order to be able to raise the allegation in the subsequent civil lawsuit." *Crawford v. Johnson*, No, 14-cv-436, 2016 WL 777910, at *4 (D.D.C. Feb. 26, 2016). "[A] federal employee may bring a timely civil action by filing suit with a federal district court within 90 days of final administrative action." *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010). "'[T]his Circuit requires strict adherence to the 90-day requirement . . . .'" *Charles v. Brennan*, 174 F. Supp. 3d 90, 102 (D.D.C. 2016) (quoting *Gill v. District of Columbia*, 872 F. Supp. 2d 30, 35 (D.D.C. 2012)); *see also Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) ("Courts apply [the 90-day] limit strictly and 'will dismiss a suit for missing the deadline by even one day.'" (quoting *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)). "The 90-day time limit functions like a statute of limitations and although a court has the power to toll this limitations period, it can only exercise that power in extraordinary circumstances." *Dyan v. Hagel*, No. 14-cv-663, 2014 WL 2959108, at *1 (D.D.C. July 2, 2014)(internal quotations omitted). A plaintiff must prove any extraordinary reason(s) that might warrant tolling the 90-day limit to file suit.

The EEO Administrative Judge issued his decision on March 31, 2015 concerning Mr. Grant's EEO complaints relating to conduct occurring before his first removal, and Treasury's Final Order adopting that decision was mailed to Mr. Grant on May 20, 2015. Therefore, the 90-day window for Mr. Grant to appeal that EEO decision expired on approximately August 24, 2015—*i.e.*, 90 days after the mailing of Treasury's Final Order dated May 20, 2015, plus five days for delivery.[2] *See* Defs.' SOF ¶ 12. While Mr. Grant did file the

---

[2] One set of Mr. Grant's EEO claims, filed before his second discharge, remain trapped in the maw of the administrative process. *See* Defs.' Mem. Ex. E (EEO case IRS-12-0804-F, completed dated Nov. 8, 2012). These claims cannot be litigated here because the administrative process has not been exhausted. *See* Defs.' Reply Ex. L, Mirkov Decl. [Dkt. 28-1] ¶¶ 2-3. The Court is not advised of any EEO charges filed by Mr. Grant after his second discharge.

12

instant lawsuit on June 26, 2015, his initial complaint did not bring any Title VII or Rehab Act claim based on the 2015 EEO Administrative Judge's Decision; he complained only of the MSPB 2015 Final Order. *See* Compl. [Dkt. 1] at 1.

Mr. Grant did include independent Title VII and Rehab Act claims in his Second Amended Complaint. However, Mr. Grant filed his Second Amended Complaint on August 19, 2016, almost a year past his 90-day deadline to appeal the 2015 EEO Administrative Judge's Decision. These new claims are not predicated on the MSPB 2015 Final Order—which only relates to his 2013 discharge—and concern separate conduct occurring in 2010. These new claims were filed long past the deadline to appeal the 2015 EEO Administrative Judge's Decision, and are stale.

Further, Mr. Grant has shown the Court no extraordinary circumstances that would justify tolling that 90-day requirement. By the time he filed his initial Complaint, he was aware of both the MSPB 2015 Final Order and the 2015 EEO Administrative Judge's Decision; he timely appealed the MSPB 2015 Final Order,[3] indicating that he had the capability to timely appeal the 2015 EEO Administrative Judge's Decision if he had chosen to do so. Not having done so in his initial Complaint, it is too late to bring them now. Because of this, Mr. Grant's Title VII and Rehab Act claims in the Second Amended Complaint will be dismissed.

### B. APA Claim

Mr. Grant has argued repeatedly that he had a right to have an attorney with him during his TIGTA interview in 2010. This argument has been rejected. *See* MSPB 2015 Final Order ¶ 32. In his Second Amended Complaint, he reformulates the argument into an APA

---

[3] In this Opinion, the Court does not consider the merits of Mr. Grant's appeal of the MSPB 2015 Final Order. Because that was timely appealed, the discrimination and retaliation claims brought in that proceeding survive along with the rest of Mr. Grant's appeal of that decision.

violation, alleging that the agency misinformed him of the purpose of the interview to induce him to talk to the TIGTA investigator without an attorney. Contrary to his contention that he can allege an APA violation in connection with his federal employment, the D.C. Circuit has emphasized, "the [Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq.,] is comprehensive and exclusive." *Grosdidier v. Chairman, Broadcasting Bd. Of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009). "Federal employees may not circumvent the [CSRA's] requirements and limitations by resorting to the catchall APA to challenge agency employment actions." *Id.*; *see also Nyunt v. Chairman, Broadcasting Board of Governors*, 589 F.3d 445, 447 (D.C. Cir. 2009) ("This Court has repeatedly held that federal employees may not bring employment and personnel suits of this kind under the APA, but instead must pursue such claims under the elaborate administrative and judicial review system set up by the Civil Service Reform Act of 1978.").

Despite this black-letter law, Mr. Grant complains that the IRS violated his rights under the APA, specifically 5 U.S.C. § 555(b), because it denied his alleged right to be "accompanied, represented, and advised by counsel" when TIGTA interviewed him on April 30, 2010. 2d Am. Compl. ¶¶ 30, 32-35; *see also id.* ¶¶ 11-13. That interview was conducted as part of TIGTA's investigation into allegations made by SA Tara Reed to the effect that Mr. Grant had forcibly kissed her without her consent. *See id.* ¶ 8. Because the claim arises from Mr. Grant's employment, he could only proceed under the CSRA; he does not state an actionable APA claim. Accordingly, it will be dismissed.

### C. MSPB Review

The only actionable claim Mr. Grant brings here is review of the MSPB 2015 Final Order that sustained his second discharge in 2013. *See* 2d Am. Compl. ¶ 104 (requesting

review of MSPB final decision); ¶¶ 73-101 (alleging failures of process). Typically, review of an MSPB final order, absent any separate claims, would go to the Federal Circuit. However, when a complaint before the MSPB alleges violations of federal antidiscrimination laws, any appeal of the MSPB's determinations may be filed with a federal district court or the EEOC, even when the issues on appeal involve more than just antidiscrimination claims. *See* 5 U.S.C. § 7703(b)(2); *see also Ikossi v. U.S. Dep't of Navy*, 516 F.3d 1037, 1042 (D.C. Cir. 2008) ("'[T]he plain language of 5 U.S.C. §§ 7702–03 . . . suggest[s] that a mixed case is to be treated as a unit, and is to be brought before the district court.'" (quoting *Hayes v. U.S. Government Printing Office*, 684 F.2d 137, 140) (D.C. Cir. 1982))).

In this circumstance, Mr. Grant filed both discrimination and non-discrimination-based claims with the MSPB. *See, e.g.*, 2015 MSPB Final Order ¶¶ 2-3. It is clear from the text of the MSPB 2015 Final Order that the Board ruled on alleged violations of both EEO statutes and the CSPA. *See id.* n.2 ("Among other matters, the appellant challenges the administrative judge's determinations as to retaliation for protected EEO activity and/or for filing an MSPB appeal, discrimination on the bases of race and/or gender, and the reasonableness of the penalty."). Because the MSPB Final Order itself incorporates antidiscrimination claims, which operate independently of Mr. Grant's separate Title VII and Rehab Act claims that he added to the Second Amended Complaint, § 7703 confers jurisdiction over this Court to review the entire MSPB Final Order. In fact, the 2015 MSPB Final Order itself directs Mr. Grant to file any appeal in federal district court. *See id.* at 18-19.

Accordingly, although the Court will dismiss the Title VII, Rehab Act, and APA claims in the Second Amended Complaint, it will retain Mr. Grant's appeal of the 2015 MSPB Final Order. *See Ikossi*, 516 F.3d at 1037; *Hayes*, 684 F.2d at 140; *see also Williams v. U.S.*

*Dep't of Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) ("We hold that where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction, under 5 U.S.C. § 7703(b)(1), over such cases."). The Court will therefore deny the Government's request to transfer the remainder of the case to the Federal Circuit for review of the 2015 MSPB Final Order. The Court will review the full appeal of the MSPB 2015 Final Order, including the discrimination and retaliation claims found therein.

## CONCLUSION

For the reasons stated above, the Court will grant in part the Defendants' Partial Motion to Dismiss and deny in part. Mr. Grant's claims alleging violations of Title VII, the Rehab Act, and the APA will be dismissed. Because the Court retains jurisdiction over Mr. Grant's appeal of the 2015 MSPB Final Order, the Court will deny the Government's motion to transfer the case to the Federal Circuit. A memorializing order accompanies this Memorandum Opinion.


Date: September 28, 2017                                    /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge